AO 106 (Rev. 04/10) Application for a Search Warrant

# SEALED UNITED STATES DISTRICT COURT

**FILED**

for the

Western District of Texas

JAN 0 3 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. SA-19-MJ-0002
PLEASE SEE ATTACHMENT "A" - )
PROPERTY TO BE SEARCHED DESCRIPTION )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A", incorporated herein by reference.

located in the _____Western_____ District of _____Texas_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B", incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 1001 | Fraud and false statements |

The application is based on these facts:

See Attachment "C", incorporated herein by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jacob C. Dezern, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/03/2019

_____
*Judge's signature*

City and state: San Antonio, Texas         Richard B. Farrer, U.S. Magistrate Judge
*Printed name and title*

# SEALED

## ATTACHMENT "A"
## PROPERTY TO BE SEARCHED

1. This warrant applies to Room Number C414D, 1002 Gorgas Circle, Building 1002, Joint Base San Antonio, Fort Sam Houston, San Antonio, Texas. A drive by of 1002 Gorgas Circle, Building 1002, Joint Base San Antonio, Fort Sam Houston, San Antonio, Texas, revealed a multi-story barracks building. In front of the barracks was the sign "4100 Bivouac Rd, Charlie Company, 187th Medical Battalion." A photo copy of the sign is below.



2. The person of Chengyu Wang, date of birth October 03, 1990.

3. The cellular telephone of Chengyu Wang.

# SEALED

## ATTACHMENT "B"
## ITEMS TO BE SEIZED AND SEARCHED

All information described that constitutes fruits, contraband, evidence and instrumentalities of violations of **18 U.S.C. § 1001**, including:

1. Cellular telephone.
2. Any digital device capable of downloading or using secure messaging application WeChat including but not limited to, computer, hard drive, universal serial bus storage devices, CPU, smart phone, cellular phone, any kind of tablet or iPad, or video gaming console such as Xbox or PlayStation.
3. Correspondence pertaining to operating under the direction or control of foreign governments or foreign officials, other than diplomats.
4. During the execution of the search of the premises, the person of Wang, and any cellular telephone in Attachment "A", law enforcement personnel are authorized to press the fingers (including thumbs) of ~~individuals found at the premises and~~ Wang to the Touch ID sensor electronic device(s), smart phone, any kind of tablet or iPad, found at the premises, or on the person of Wang as described in Attachment "A" for the purpose of attempting to unlock the device via Touch ID in order to search the contents as authorized by this warrant. *RBF*
5. As to any seized data storage devices:

   a. The government shall make an exact copy of all data and other electronically-stored information from the seized data storage devices within 10 business days after the warrant is executed. Upon written request by the owner of the seized data storage devices, the government shall provide the owner with a copy of any requested data and electronically-stored information that does not constitute contraband or instrumentalities of a crime. The government shall provide such copy to the owner within a reasonable time after a written request is made. If the government withholds any data or electronically-stored information requested by the owner, the government shall identify the data and information withheld and explains why it was not produced. The government and the owner shall negotiate the procedures for providing copies of data and electronically-stored information, which may require the owner to provide blank storage media at his or her expense.

   b. The reasonable time period for providing the owner with a copy of data and electronically-stored information includes the time required for the government to analyze the data and information to determine whether they contain contraband or instrumentalities of a crime. Although the court has not set a specific time period for such production, the government shall provide the owner with a copy of the data and electronically-stored information requested as soon as practicable under the existing circumstances.

   c. At the conclusion of the criminal investigation and any related criminal proceedings, the government shall return the seized data storage devices, and any data and information contained thereon, to the owner, except for any data storage devices, data and information which are contraband or instrumentalities of a crime or which are subject to forfeiture under federal or state law.

# SEALED

### ATTACHMENT "C"
### AFFIDAVIT IN SUPPORT OF AN
### APPLICATION FOR A SEARCH WARRANT

I, Special Agent Jacob C. Dezern, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed for eight years. I am currently assigned to the Counter-Intelligence squad of the San Antonio Division of the FBI. In this capacity, I am responsible for investigating violations of federal law involving national security matters. I have received training in conducting national security investigations both at the FBI Academy and during other in-service training classes.

2. As a Federal Agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

3. I am investigating **CHENGYU WANG** (hereafter "**WANG**"), who resides at Room Number C414D, 1002 Gorgas Circle, Building 1002, Joint Base San Antonio, Fort Sam Houston, San Antonio, Texas, for violation of 18 U.S.C. § 1001, fraud and false statements. As shown below, there is probable cause to believe that **WANG** was in violation of 18 U.S.C. § 1001, by making materially false, fictitious, or fraudulent statements during an interview with the FBI on 6 December 2018. At this time, the FBI was investigating **WANG** regarding potential of being an unregistered agent of a foreign power charges. The FBI believes **WANG** made these statements to conceal his practice of utilizing the secure messaging application WeChat[1] in communications with members of the Chinese Ministry of Public Security (MPS) in order to obtain instructions from officials of the People's Republic of China (PRC). I submit this application and affidavit in

---

[1] WeChat is a Chinese multi-purpose messaging, social media, and mobile payment application developed by Tencent.

support of a search warrant authorizing a search of the residence located at Room Number C414D, 1002 Gorgas Circle, Building 1002, Joint Base San Antonio, Fort Sam Houston, San Antonio, Texas (the "premises") and the person of **WANG** for any cellular telephone and digital device of **WANG's** capable of downloading or using WeChat, as further described in Attachment "A". I seek to seize the evidence, fruits, and instrumentalities of the forgoing criminal violation, which relate to **WANG** lying to the FBI agents relating to the requirement of all agents operating under the direction or control of foreign governments or foreign officials to notify the Attorney General before acting. I request authority to search the entire premises, including the dwelling for any computer and computer media located therein where the items specified in Attachment "B" may be found, and to seize all items listed in Attachment "B" as instrumentalities, fruits, and evidence of crime.

4.  This factual information is based upon my investigation and the investigation of fellow FBI Agents in this matter to date. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## APPLICABLE LAW

5.  Title 18 U.S.C. Section 1001, False and Fraud Statements, states:

(a) whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the Unites States, knowingly and willfully –

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2) makes any materially false, fictitious, or fraudulent statement or representation; or

(3) makes or use any false writing or document, knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not

more than 5 years or, if the offense involves international or domestic terrorism, imprisoned not more than 8 years, or both.

## BACKGROUND CONCERNING CHINESE MINISTRY OF PUBLIC SECURITY

6. The MPS is China's principal police authority responsible for police functions in China's civilian sector. The MPS was among the first government ministries of the PRC. The MPS was created in 1949 by the National Congress from the Communist Party's Central Department of Social Affairs.[2]

7. The MPS is responsible for directing the nation's public security and law enforcement efforts, and for maintaining social and political stability. Another mission of the MPS is collecting intelligence and analyzing information on criminal trends and threats to political stability. The MPS has an estimated total of 1.8 million personnel nationwide, with members assigned to public security bureaus at the provincial, city, and country levels of government. This estimated number also includes the 660,000-strong Provincial People's Armed Police, which during peacetime is jointly controlled with the Ministry of Defense.[3]

## PROBABLE CAUSE

8. **CHENGYU WANG** (hereafter "**WANG**") joined the United States Army under the Military Ascensions Vital to National Interest (MAVNI) program. The MAVNI program is a program designed to recruit foreign individuals with critical language skills to join the military in exchange for expedited citizenship. On or about 27 April 2016, **WANG** submitted an Application for Naturalization in the United States. A review of **WANG's** Application for Naturalization in November 2018 revealed that **WANG** concealed his relationship with an individual associated

---

[2] Marine Corps Intelligence Reference Document. Product Number: MCIA-2231-CHN-118-15

[3] Marine Corps Intelligence Reference Document. Product Number: MCIA-2231-CHN-118-15

with the Chinese MPS, as well as other individuals associated with the CCP, to include himself. **WANG**'s association with the MPS and CCP were discovered during numerous interviews he had with the United States (U.S.) Army, and an interview he had with the Federal Bureau of Investigation (FBI). Following his interview with the FBI on 6 December 2018, it was determined that false statements were made by **WANG** to the interviewing Agents.

9. On or about 28 June 2016, **WANG** was interviewed regarding his U.S. Naturalization Application by a U.S. Citizenship and Immigration officer. Regarding the questions in the application, which were repeated in the interview, **WANG** answered "No," both written and orally, to the following questions:

- Have you EVER been a member of, or in any way associated (either directly or indirectly) with the Communist Party?

- Were you EVER a member of, or did you EVER serve in, help, or otherwise participate in, any of the following groups: Military Unit?

- Did you EVER receive any type of military, paramilitary (a group of people who act like a military group but are not part of the official military), or weapons training?

10. On 8 February 2017, during a MAVNI screening interview with the U.S. Army, **WANG** stated that his father's friend, Ke Gong (hereafter "GONG"), was a part of the MPS and was in charge of state security. During a subsequent U.S. Army Counterintelligence focused interview on 27 July 2017, **WANG** stated that GONG was a Bureau Director within the Department of Public Safety who dealt with internal threats and intelligence in Dalian, China. **WANG** added that GONG introduced **WANG** to three or four male friends looking for information pertaining to U.S. Citizenship, while **WANG** was stationed in San Antonio, Texas.

WANG also stated that he was introduced to the individuals by GONG on WeChat[4]. WANG advised that he spoke to the individuals, at GONG's request, about acquiring U.S. Citizenship, the quality of the schools in the U.S., and which schools in the U.S. were difficult to gain admission to. WANG further stated that the last time he spoke to GONG was May or June 2017.

11.  On or about 7 November 2018, a review of the Consular Consolidated Database (CCD) revealed a DS-160 application report for GONG. The DS-160 revealed that GONG's previous employer was the Dalian Public Security Bureau, as a Director, working Economic Criminal Investigations. GONG's most recent B1/B2 VISA was issued July 13, 2011

12.  Also, during the U.S. Army's 27 July 2017 interview, WANG stated that his second cousin, Daming Li (hereafter "LI"), was a representative of the CCP. WANG added that he communicates with LI one or two times per week via WeChat. This statement also revealed a direct contradiction concerning WANG's response to the question from the U.S. Application for Naturalization regarding whether WANG had ever associated directly or indirectly with any members of the CCP.

13.  On or about 7 November 2018, a review of the Consular Consolidated Database (CCD) revealed a DS-160 application report for LI. The DS-160 revealed that LI's employer is also the Dalian Public Security Bureau, where he listed his duties as an officer. LI's most recent B1/B2 VISA was issued 11 July 2016.

14.  On 6 December 2018, WANG was interviewed by FBI Special Agents Jacob Dezern and Derrick Criswell (hereafter "interviewing agents") at Fort Sam Houston in San Antonio, Texas. At the beginning of the interview, WANG was advised by the interviewing agents that lying to a federal officer was a felony, as WANG indicated that he understood and would be

---

[4] WeChat is a Chinese multi-purpose messaging, social media, and mobile payment application developed by Tencent.

truthful. **WANG** was asked if he had ever been a member of, or in any way associated (either directly or indirectly) with the Communist Party. **WANG** stated that both of his parents were members of the CCP and that he had mentioned this on his U.S. Naturalization Application and during his interview for U.S. Citizenship. The FBI's investigation revealed that it was not mentioned on **WANG**'s U.S. Naturalization Application or during his interview for U.S. Citizenship. **WANG** further indicated in his interview that he was a member of the Chinese Youth Communism Organization and that he had applied for CCP membership during his freshman year of college. When asked by the interviewing agents if he was ever a member of, or did he EVER serve in, help, or otherwise participate in a Military unit, as **WANG** stated "No." **WANG** was also asked by the interviewing agents if he ever received any type of military, paramilitary (a group of people who act like a military group but are not part of the official military), or weapons training, as **WANG** stated "No." When **WANG** was confronted by the interviewing agents with the statements he made during his 27 July 2017 interview with the U.S. Army, **WANG** then indicated that he had participated in drills, where he learned how to fire bullets and march, with the Chinese Army for two weeks prior to attending college in China. During the aforementioned 27 July 2017 interview with the U.S. Army, **WANG** stated the training he received with the Chinese Army was mandatory and focused on discipline, drill and ceremony, hand-to-hand combat training, and firearms training. The statements **WANG** made with the interviewing agents and U.S. Army regarding his training with the Chinese Army contradict his oral and written responses to the questions asked from his U.S. Application for Naturalization in 2016. Furthermore, in a separate MAVNI screening interview conducted by the Army on 8 February 2017, **WANG** stated that he had obtained CCP membership his junior year of college. This statement also contradicts

WANG's oral and written responses to the questions from the Application for Naturalization from the previous year, and is also inconsistent with the statement made to the interviewing agents

15. Also on 6 December 2018, when asked how he communicated with anyone back in China, **WANG** told the interviewing agents phone calls, sometimes messages, including WeChat. **WANG** was asked if WeChat was on his phone or computer, and **WANG** replied that he used mostly his phone, but you could also use a laptop, MacBook, "or whatever."

16. Most importantly, when **WANG** was asked by the interviewing agents if **GONG** had ever asked him to speak with any individuals about coming to the US, or acquiring U.S. citizenship, **WANG** stated "No," that he and **GONG** never had held any private conversations. The interviewing agents believe **WANG**'s statement regarding **GONG** was false based off of the statement **WANG** made previously to the U.S. Army on 27 July 2017, as identified in paragraph #10 above in that **WANG** told the U.S. Army officers he spoke with Chinese intelligence officials on WeChat. The search of **WANG's** communication devices would prove **WANG's** false statements to the interviewing FBI agents.

17. On 6 December 2018 following his interview, **WANG** was reminded that he was to be truthful with the interviewing agents. **WANG** was read, verbatim the "Acknowledgement of Penalties for False Statements to the FBI" document. **WANG** declined to sign the document but acknowledged he understood. **WANG** was also asked if he would like to change any answers previously given. **WANG** responded "No."

18. On multiple occasions subsequent to **WANG**'s submission of his Application for Naturalization, it was revealed that **WANG,** in a matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully made materially false, fictitious, or fraudulent statements or representation.

## CONCLUSION:

19.     Based on the forgoing, your Affiant believes there is probable cause to believe that evidence of the stated violations is maintained on the stated premises, person and items as more fully described in Attachment "B". By this affidavit and application, I request the Court issue a warrant allowing agents to search and seize the information maintained on the stated premises, person and items more fully described in Attachment "B".  This Affidavit has been reviewed by Assistant U.S. Attorney Mark Roomberg.

Respectfully submitted,

_____
JACOB C. DEZERN
Special Agent
Federal Bureau of Investigations

Subscribed and sworn to before me on January 3, 2019, 2019.

_____
HONORABLE RICHARD B. FARRER
United States Magistrate Judge

8

AO 93 (Rev. 11/13) Search and Seizure Warrant

# SEALED UNITED STATES DISTRICT COURT
for the
Western District of Texas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   SA-19-MJ-0002
PLEASE SEE ATTACHMENT "A" - )
PROPERTY TO BE SEARCHED DESCRIPTION )
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Western_____ District of _____Texas_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment "A", incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment "B", incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before   01/17/2019   *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Richard B. Farrer, U.S. Magistrate Judge   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   01/03/2019   1:31 pm   _____
*Judge's signature*

City and state:   San Antonio, Texas   Richard B. Farrer, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: SA-19-MJ-0002 | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# SEALED

## ATTACHMENT "A"
## PROPERTY TO BE SEARCHED

1. This warrant applies to Room Number C414D, 1002 Gorgas Circle, Building 1002, Joint Base San Antonio, Fort Sam Houston, San Antonio, Texas. A drive by of 1002 Gorgas Circle, Building 1002, Joint Base San Antonio, Fort Sam Houston, San Antonio, Texas, revealed a multi-story barracks building. In front of the barracks was the sign "4100 Bivouac Rd, Charlie Company, 187th Medical Battalion." A photo copy of the sign is below.



2. The person of Chengyu Wang, date of birth October 03, 1990.

3. The cellular telephone of Chengyu Wang.

# SEALED

### ATTACHMENT "B"
### ITEMS TO BE SEIZED AND SEARCHED

All information described that constitutes fruits, contraband, evidence and instrumentalities of violations of **18 U.S.C. § 1001,** including:

1. Cellular telephone.
2. Any digital device capable of downloading or using secure messaging application WeChat including but not limited to, computer, hard drive, universal serial bus storage devices, CPU, smart phone, cellular phone, any kind of tablet or iPad, or video gaming console such as Xbox or PlayStation.
3. Correspondence pertaining to operating under the direction or control of foreign governments or foreign officials, other than diplomats.
4. During the execution of the search of the premises, the person of Wang, and any cellular telephone in Attachment "A", law enforcement personnel are authorized to press the fingers (including thumbs) of ~~individuals found at the premises and~~ Wang to the Touch ID sensor electronic device(s), smart phone, any kind of tablet or iPad, found at the premises, or on the person of Wang as described in Attachment "A" for the purpose of attempting to unlock the device via Touch ID in order to search the contents as authorized by this warrant.
5. As to any seized data storage devices:

    a. The government shall make an exact copy of all data and other electronically-stored information from the seized data storage devices within 10 business days after the warrant is executed. Upon written request by the owner of the seized data storage devices, the government shall provide the owner with a copy of any requested data and electronically-stored information that does not constitute contraband or instrumentalities of a crime. The government shall provide such copy to the owner within a reasonable time after a written request is made. If the government withholds any data or electronically-stored information requested by the owner, the government shall identify the data and information withheld and explains why it was not produced. The government and the owner shall negotiate the procedures for providing copies of data and electronically-stored information, which may require the owner to provide blank storage media at his or her expense.

    b. The reasonable time period for providing the owner with a copy of data and electronically-stored information includes the time required for the government to analyze the data and information to determine whether they contain contraband or instrumentalities of a crime. Although the court has not set a specific time period for such production, the government shall provide the owner with a copy of the data and electronically-stored information requested as soon as practicable under the existing circumstances.

    c. At the conclusion of the criminal investigation and any related criminal proceedings, the government shall return the seized data storage devices, and any data and information contained thereon, to the owner, except for any data storage devices, data and information which are contraband or instrumentalities of a crime or which are subject to forfeiture under federal or state law.